**UNITED STATES DISTRICT COURT**
**DISTRICT OF MAINE**

| | | |
|---|---|---|
| ARNOLD HOFFMAN, | ) | |
| | ) | |
| Hoffman, | ) | |
| | ) | |
| v. | ) | Civil No. 04-160-P-C |
| | ) | |
| APPLICATORS SALES & SERVICE, INC., et al., | ) | |
| | ) | |
| Defendants | ) | |
| | ) | |

**DEFENDANTS' MOTION FOR AWARD OF ATTORNEY'S FEES AND INCORPORATED MEMORANDUM OF LAW**

The defendants, Applicators Sales & Service, Inc. d/b/a Paradigm Window Solutions ("Paradigm"), Richard Robinov ("Mr. Robinov"), and Andrew Sevier ("Mr. Sevier"), move for an award of attorney's fees in favor of Paradigm and against the plaintiff, Arnold Hoffman ("Plaintiff" or "Hoffman"), on the grounds that Paradigm is the prevailing party on Hoffman's claims for age discrimination under the Maine Human Rights Act ("MHRA") and the Age Discrimination in Employment Act ("ADEA") as set forth more fully below.

**INTRODUCTION**

This case qualifies as one of the few civil rights actions that calls for an award of attorney's fees to a prevailing defendant. The fee-shifting provisions of state and federal statutes are meant to allow aggrieved individuals to pursue and to vindicate their civil rights. Plaintiff turned those provisions against their salutary purpose by asserting and

pursuing baseless claims against a family-owned business. He filed a lawsuit without foundation and apparently without any concern that he – as well as the Company – was potentially liable for an award of attorney's fees under the applicable statutes. He has used the judicial process as a way to inflict harm instead of as a means to achieve justice. He filed unreasonable claims to oppress his former employer for reasons that have nothing to do with age discrimination. The Court should exercise its authority to hold Hoffman accountable for the attorney's fees that he has forced the Company to incur in defending against his vexatious litigation.

**PROCEDURAL BACKGROUND**

The Hoffman, Arnold Hoffman ("Hoffman"), commenced these proceedings by filing a complaint against Paradigm, Robinov, and Sevier in state court on or about June 20, 2004. Hoffman's complaint states claims of (1) age discrimination against Paradigm (Count I), (2) defamation against all three defendants (Count II), and (3) breach of contract against Paradigm (Count III).[1] The Company removed the case without objection to the U.S. District Court for the District of Maine on or about July 21, 2004, and filed its answer and affirmative defenses. The parties conducted extensive discovery in the form of requests for production of documents, depositions, and interrogatories.

At the completion of discovery, the Company filed a motion for summary judgment on all counts of Hoffman's complaint. The Court granted judgment as a matter

[1] For ease of reference, this brief refers to all three defendants collectively as the "Company."

of law in favor of Paradigm on Hoffman's claims for age discrimination by Order dated March 9, 2005 (the "Order").[2] The Court concluded:

> This case, where there is an absence of *any* persuasive evidence of a motivation based on age-bias, is precisely that case which the *Reeves* Court excluded from its rule.

Order at 10. The Court also wrote:

> On this summary judgment record, there is simply *no admissible evidence* countering the employer's termination reason, *let alone any admissible evidence* to believe Hoffman's claim that any consideration of age motivated his discharge.

Order at 11. And, if there were still any doubt about the matter, the Court wrote:

> The record is *devoid* of any credible evidence that Defendants' employment actions were a pretext for age discrimination.

*Id*. Hoffman appealed against the judgment entered on his claims for age discrimination. The First Circuit affirmed judgment in favor of the Company in due course. Paradigm now moves, pursuant to Local Rule 54.2, for an award of attorney's fees as the prevailing party under both the MHRA and the ADEA.

**ARGUMENT**

I. APPLICABLE STANDARDS FOR RECOVERY OF ATTORNEY'S FEES BY A PREVAILING DEFENDANT UNDER THE MHRA AND THE ADEA

Paradigm is entitled to recover the attorney's fees that it incurred in defense of the claims filed by Hoffman. Both statutes under which Hoffman pursued his claims for age discrimination –the Age Discrimination in Employment Act and the Maine Human Rights Act – authorize an award of attorney's fees to Paradigm as the prevailing party in these proceedings. See 5 M.R.S.A. § 4614 (MHRA); 29 U.S.C. § 626(b) (ADEA)

[2] The Court granted summary judgment on Count I (age discrimination) of Hoffman's complaint, which is directed only against Paradigm d/b/a Paradigm, and remanded the remaining two claims to state court.

(stating that the attorney's fees provision of the FLSA, 29 U.S.C. § 216(b), applies to actions brought under the ADEA). Although the attorney's fees provision of the FLSA does not address whether, or under what circumstances, attorney's fees should be awarded to a prevailing defendant, the First Circuit has held that a prevailing ADEA defendant is entitled to recover attorney's fees from a Hoffman in appropriate circumstances. *Gray v. New England Tel. & Tel. Co.*, 792 F.2d 251, 260 & n.1 (1st Cir. 1986). The circumstances of this case warrant an award of fees to Paradigm under both the MHRA and the ADEA.

The Law Court has noted that the attorney's fees provision of the MHRA "tracks the language of its federal counterparts, Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000-e5(k), and the Attorney's Fee Act of 1976. 42 U.S.C. § 1988." *Maine Human Rights Comm'n v. Allen*, 474 A.2d 853, 857 (Me. 1984). Accordingly, the Law Court looks to analogous federal law to determine when a prevailing party is entitled to an award of fees under the MHRA. *Id*. A prevailing defendant is entitled to an award of attorney's fees under the following standard:

> "[A] district court may in its discretion award attorney's fees to a prevailing defendant . . . upon a finding that the plaintiff's action was frivolous, unreasonable, *or* without foundation *even though not brought in subjective bad faith*."

*Tang v. State of Rhode Island*, 163 F.3d 7, 13 (1st Cir. 1998) (emphasis added) (quoting *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 421 (1978)). The standard under the ADEA (as adopted from the FLSA) is a bit more stringent. An award of attorney's fees to a prevailing defendant is appropriate under the ADEA when a plaintiff litigates in

bad faith or for "oppressive reasons."[3] The facts of this case warrant an award of attorney's fees in favor of Paradigm under the standards of both the MHRA and the ADEA.

II. PARADIGM IS ENTITLED TO AN AWARD OF ATTORNEY'S FEES AS A PREVAILING DEFENDANT UNDER THE MHRA.

There is no doubt in this case that "[Hoffman's] action was frivolous, unreasonable, *or* without foundation." *Tang v. State of Rhode Island*, 163 F.3d at 13 (emphasis added). The Court previously found – and the First Circuit agreed – that Hoffman presented absolutely no evidence of pretext, "let alone any admissible evidence to believe [his] claim that any consideration of age motivated his discharge." Order at 10. The record is "devoid" of *any* evidence to support his claims. Order at 11 (emphasis added). There was not even a "scintilla" of evidence offered to show discriminatory *animus*. *Id*. It is hard to imagine a case any more fitting than this one for an award of attorney's fees to a prevailing defendant. Despite any subjective good faith on the part of Hoffman (which is unlikely), his claims of age discrimination were unreasonable or without foundation, and Paradigm is entitled to recover its attorney's fees.

There was not even any finding of a *prima facie* case under which Hoffman might seek protection against an award of attorney's fees. The Court merely "*presum[ed]* for the purposes of [the summary judgment] motion that [Hoffman] ha[d] established a *prima facie* case" under the *McDonnell Douglas* framework. Order at 7 (emphasis added). That presumption in which the Court indulged for the benefit of Hoffman gains him

---

[3] Even though the ADEA (through the FLSA) authorizes attorney's fees only for plaintiffs, prevailing defendants in an ADEA action can recover fees when a plaintiff has acted "in bad faith, vexatiously, wantonly, or for oppressive reasons." *Alyeska Pipeline Serv. Co. v. Wilderness Soc.*, 421 U.S. 240, 259-60 (1975) *cited in Gray v. New England Tel. & Tel. Co.*, at 260 & n.1

nothing. First, the Court expressed "serious doubts about whether [Hoffman] can satisfy the second element, [that he was] meeting his employer's legitimate expectations." *Id*.[4] Second, the "replacement" element carried no probative weight in this case because – as Hoffman was fully aware – the Company had initially chosen Hoffman over the younger employee who eventually replaced him just a couple of years later. Third, even the "termination" element proves nothing in this case because it is paired with the indisputable fact that the Company hired Hoffman a couple of years earlier when he was 54 or 55 years old. Hoffman admits that nobody at the Company ever made a single comment about his age or any comment from which he inferred a reference to age. The Court's assumption of a *prima facie* case provides no grounds for Hoffman to argue against an award of attorney's fees.

The futility of Hoffman's claim was readily apparent from the facts available to him and his counsel before the inception of the lawsuit. The Court need not exercise hindsight to find that the claim was frivolous, unreasonable, or without foundation. In fact, it was the Company – not Hoffman – who was initially unaware of the utter lack of foundation for the claim. The Company kept waiting for Hoffman to present at least some evidence of discrimination as the case progressed. None ever materialized; and, given the manner in which Hoffman pursued this case, one can conclude only that he either had no understanding of the law or prosecuted his claims in bad faith. A finding of

[4] The Court noted that the Company did "not challenge this element on summary judgment." Order at 7. The Company, in fact, challenged this element of the *prima facie* case through the same evidence that it offered to demonstrate that Hoffman was terminated for a legitimate business reason. Defendants' Motion for Summary Judgment at 11 n.3. That is, the Company did not merely "articulate" a legitimate reason; it offered evidence to prove the reason for the employment decision that Hoffman did not and could not refute.

bad faith is *not* necessary for an award of attorney's fees to a prevailing defendant under the MHRA. But, of course, bad faith provides additional grounds for an award of attorney's fees to the Company under the MHRA and is required for a recovery of fees under the ADEA.

## III. PARADIGM IS ENTITLED TO AN AWARD OF ATTORNEY'S FEES AS A PREVAILING DEFENDANT UNDER THE ADEA.

While the lack of foundation for Hoffman's claims casts doubt on his subjective good faith, his own testimony and the manner in which he conducted himself during these proceedings confirms that he acted "in bad faith, vexatiously, wantonly, or for oppressive reasons." *Alyeska Pipeline Serv. Co. v. Wilderness Soc.*, 421 U.S. 240, 259-60 (1975) *cited in Gray v. New England Tel. & Tel. Co.*, at 260 & n.1. Two and one-half months after his employment ended, Hoffman wrote a letter to Jerry Robinov (the chairman of the company) to express his dissatisfaction with the Company. Hoffman never states, implies, or even hints that Hoffman's age was a factor in the decision to terminate him. SMF ¶ 83.[5] Instead, he filled the letter with hostility toward Mr. Sevier – his "irrationally" demanding supervisor – against whom he has nurtured a deep resentment. SMF ¶ 40.

Hoffman's animosity against Mr. Sevier (and against the Company by extension) – not any good faith belief in the merits of his claim – motivated Hoffman to file and to pursue his claims. Hoffman acknowledges a "personality conflict" with Mr. Sevier. SMF ¶ 43. According to Hoffman, most people "hate dealing with [Mr. Sevier] . . . . [Hoffman is] not the first employee to have experienced [Mr. Sevier's] wrath or his poor

---

[5] The citations "SMF ¶ ___" refer to the Statement of Material Facts previously filed by the Company in support of its motion for summary judgment.

personnel management skills. [Hoffman is] sure [he] won't be the last." SMF ¶ 44. Hoffman derides Mr. Sevier as "a very poor manager" who "motivated by intimidation and negative . . . comments." SMF ¶ 37.

He calls Mr. Sevier an unskilled manager who attained his position by acting like Mr. Robinov's "puppy dog." SMF ¶ 39. Mr. Sevier, according to Hoffman, never appreciated his efforts; and, he bases this supposition on Mr. Sevier's "direct comments in talking to [him], and [Mr. Sevier's] attitude of not cooperating with [him] . . . and in the review process; *but, again, [Hoffman] attributes this to [Mr. Sevier's] poor management style*." SMF ¶ 38. Hoffman's own testimony, as well as the documents that he authored, reveal his antipathy toward Mr. Sevier and against Paradigm for allowing Mr. Sevier to manage the Company's operations. Hoffman's dislike of Mr. Sevier is palpable. He used the judicial process as a means to vent his anger and to punish the Company for reasons having nothing to do with supposed age discrimination. His conduct epitomizes litigation undertaken "in bad faith, vexatiously, wantonly, or for oppressive reasons."

The manner in which Hoffman chose to prosecute his baseless claims contributes to a finding that Paradigm is entitled to an award of attorney's fees under both the MHRA and the ADEA. A few examples suffice to demonstrate the spite and bad faith that motivated Hoffman throughout these proceedings.

(1) Hoffman attempted to designate an expert witness on December 27, 2003, three months after the deadline established by the trial. The Company filed and the Court granted a motion to strike Hoffman's untimely designation of an expert witness. In trying to excuse his violation of the Scheduling Order, Hoffman falsely accused the Company of engaging in "hard-ball litigation tactics" by "*sucker[ing]*" and "*sandbag[ging]*" him. He pressed similar false accusations in the First Circuit. Hoffman's Appellate Brief at 16.

(2) Hoffman submitted an appendix on appeal containing many pages of documents that were not part of the record in this Court. The Company filed a simple motion to strike those portions of the appendix from the record on appeal. Hoffman opposed the motion by calling it "indefensible and not even cogent" and by falsely accusing the Company's counsel of (a) engaging in "'Rambo' litigation behavior," (b) going beyond "negligence and *over-zealous advocacy*" to the point of *violating several rules of professional conduct*, (d) and engaging in a "litigation style [that is] *egregious and sanctionable under Rule 11*." The First Circuit granted the Company's motion to strike on the simple grounds asserted: "[T]he pages have not been shown to have been part of the record below." *Hoffman v. Applicators Sales & Service*, No. 05-1543, slip op. at 10 n.2 (1st Cir. Feb. 22, 2006).[6]

(3) Hoffman went so far as to misrepresent the Order of this Court in his attempt to preserve his meritless claims. He argued to the First Circuit that this "Court did *not* rely on lack of pretext in deciding the summary judgment application" and that "[his] evidence regarding pretext [was] apparently strong enough for the District Court to have by-passed [sic] the issue." Hoffman's Appellate Brief at 4 & 8-9. This argument so plainly contradicts the Courts decision on summary judgment that there is no room for Hoffman to argue that his conduct was anything but vexatious.

Plaintiff's conduct during litigation, the animosity that motivated his claims against the Company, and the lack of any foundation for his claims all warrant an award of attorney's fees to Paradigm under the ADEA as well as under the MHRA.

## CONCLUSION

WHEREFORE, the Company respectfully requests that the Court grant this motion and order (1) that Paradigm is entitled to an award of attorney's fees and costs reasonably incurred in defense of this matter as a prevailing defendant under the MHRA and the ADEA, (2) that Hoffman is liable for the attorney's fees and costs so incurred by Paradigm, and (3) that Paradigm shall submit an accounting of the attorney's fees and costs that it incurred within 30 days of the date of the Court's order on this motion for a determination of the amount of attorney's fees and costs due and owing to Paradigm from Hoffman.

---

[6] The Company's motion to strike and Hoffman's opposition are attached hereto.

Dated at Portland, Maine, this 20th day of March, 2006.

___/s/ Louis B. Butterfield________
Louis B. Butterfield
Counsel for the Defendants

Bernstein Shur
100 Middle Street
PO Box 9729
Portland, Maine 04104-5029
(207) 774-1200

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MAINE**

| | | |
|---|---|---|
| ARNOLD HOFFMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil No. 04-160-P-C |
| | ) | |
| APPLICATORS SALES & SERVICE, | ) | |
| et al., | ) | |
| | ) | |
| Defendants | ) | |
| | ) | |

**CERTIFICATE OF SERVICE**

I, Louis B. Butterfield, Esq., hereby certify that on March 20, 2006, I electronically filed Motion for Award of Attorney's Fees and Incorporated Memorandum of Law of the Defendant Applicators Sales & Service, Inc. with the Clerk of Court using the CM/ECF system which will send notification to counsel for the Plaintiff.

DATED at Portland, Maine, this 20th day of March, 2006.

*/s/ Louis B. Butterfield*___
Louis B. Butterfield, Esq.
Attorney for Defendant

BERNSTEIN, SHUR, SAWYER & NELSON
100 Middle Street
P.O. Box 9729
Portland, ME 04104-5029
(207) 774-1200